**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DISMERY A. MARTE REYES, et al. | : |
| Plaintiffs, | :  Civil Action No. 19-20388 (ES) (MAH) |
| v. | : |
| ALI SHEIKA, et al. | :  REPORT AND RECOMMENDATION |
| Defendants. | : |

## I. INTRODUCTION

This matter comes before the Court by way of Plaintiffs Dismery A. Marte Reyes and Luis M. Castro's unopposed Motion to Remand pursuant to 28 U.S.C. § 1447(c). The Honorable Esther Salas, U.S.D.J., referred this Motion to the Undersigned for a Report and Recommendation. For the reasons set forth below, the Undersigned respectfully recommends that Plaintiffs' Motion be granted.

## II. BACKGROUND

On October 18, 2019, Plaintiffs filed this slip-and-fall case in the Superior Court of New Jersey, Law Division, Essex County against Defendants Federal National Mortgage Association ("Fannie Mae") and Ali Sheika. *See* Notice of Removal, Ex. A, Count One ¶¶ 1, 5, Nov. 15, 2019, D.E. 1. Plaintiffs allege that Reyes sustained serious injuries when she slipped on snow and ice that had accumulated on a public sidewalk in Paterson, New Jersey. *See id.* ¶¶ 1, 4, 7. According to Plaintiffs, Sheika "owned, managed, supervised, maintained, serviced, repaired, cleaned, and/or controlled" the premises adjacent to the public sidewalk, and therefore, had a duty to clear the snow and ice. *Id.* ¶¶ 2-3. Plaintiffs further allege that Fannie Mac, "[a]s a mortgagee-in-

1

possession, . . . assumed a duty to take care of the property, including snow and ice remediation on the abutting sidewalk where [Reyes] slipped and fell." Notice of Removal, Ex. A, Count Two ¶ 5.

Plaintiffs served Fannie Mae on November 1, 2019. Notice of Removal ¶ 1. Two weeks later, Fannie Mae purported to effectuate a "snap removal" by filing the Notice of Removal prior to service of the Complaint on Sheika. *Id.* ¶¶ 3, 11-17; *see also Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 153 (3d Cir. 2018). Without accounting for Sheika's citizenship, Fannie Mae asserted that removal was proper because complete diversity existed between Plaintiffs and Fannie Mae, and the amount in controversy exceeded $75,000.00. *See* Notice of Removal ¶ 16. Once in federal court, Fannie Mae moved to dismiss the Complaint for failure to state a claim upon which relief may be granted. *See* Mot. to Dismiss, Dec. 6, 2019, D.E. 5. Shortly thereafter, Plaintiffs and Fannie Mae stipulated to the dismissal of Plaintiffs' claims against Fannie Mac with prejudice. Stip. of Dismissal, Jan. 10, 2020, D.E. 9.

Plaintiffs have now moved to remand this matter to the Superior Court of New Jersey, Law Division, Essex County pursuant to 28 U.S.C. § 1447(c). *See* Mot. to Remand, Mar. 27, 2020, D.E. 12. Plaintiffs submit that this Court lacks subject matter jurisdiction because Sheika, the sole remaining defendant, is alleged to be a New Jersey resident. *See* Cert. of Counsel in Supp. of Mot. to Remand ¶¶ 8-9, D.E. 12-2. Plaintiffs served Sheika with a copy of their motion papers at an address in Woodland Park, New Jersey. Cert. of Service, D.E. 12-1. Sheika has not appeared to contest Plaintiff's motion.

**III.   ANALYSIS**[1]

A party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Where a complaint does not raise a question of federal law, a district court may properly exercise subject matter jurisdiction only if the amount in controversy exceeds the value of $75,000 and diversity exists among the adverse parties." *In re Benicar (Olmesartan) Prods. Liab. Litig.*, 198 F. Supp. 3d 385, 386 (D.N.J. 2016) (citing 28 U.S.C. § 1332(a)). To invoke diversity jurisdiction, "no plaintiff can be a citizen of the same state as any of the defendants at the time the complaint was filed and at the time of removal." *Id.* (citing *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013)).

It appears from the record that Sheika has not yet been served with legal process, although Plaintiff has served him with the motion to remand. Accordingly, the narrow question before the Court is whether an unserved defendant's citizenship counts for diversity purposes. The majority of courts have answered this straight-forward question in the affirmative. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939) (affirming remand of case and finding that "the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant"); *Rhodes v. Barnett*, 692 F. App'x 834, 835-36 (9th Cir. 2017) ("[U]nserved parties must be considered in determining whether there is complete diversity."); *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n, Local 159*, 714 F.2d 342 (4th Cir. 1983) ("Diversity jurisdiction is

---

[1] Because a motion to remand is dispositive, the Undersigned proceeds by way of a Report and Recommendation. *See In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998).

determined by the face of the complaint, not by which defendants have been served."); *Stanley v. Lowe's Cos., Inc.*, No. 19-15436, 2020 WL 1531387, at *2-4 (D.N.J. Mar. 31, 2020) (holding that "snap removals" are only proper where diversity jurisdiction otherwise exists and remanding action because unserved defendants defeated complete diversity); *Janaski v. Dettore*, No. 15-0072, 2015 WL 1573670, at *1-2 (E.D. Pa. Apr. 9, 2015) (remanding the action for lack of subject matter jurisdiction because complete diversity between the parties did not exist on the face of the complaint notwithstanding plaintiffs' failure to to serve non-diverse forum defendant).

Accordingly, the Undersigned respectfully recommends the District Court remand this action to the Superior Court of New Jersey because subject matter jurisdiction is lacking.

**IV.   CONCLUSION**

For the reasons set forth above, the Undersigned respectfully recommends that the District Court grant Plaintiffs Dismery A. Marte Reyes and Luis M. Castro's unopposed Motion to Remand and remand this action to the Superior Court of New Jersey, Law Division, Essex County. The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

*/s Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

**Date: May 7, 2020**